TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00212-CR






Eric Ralls, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY


NO. 24,361, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







 A jury found appellant Eric Ralls guilty of theft by check of property valued at $500
or more but less than $1500. See Tex. Penal Code Ann. §§ 31.03, 31.06 (West 1994 & Supp.
1999). The trial court sentenced appellant to 365 days in jail, probated for two years, and a $2000
fine. In a single point of error, appellant contends the trial court erred by submitting a jury
instruction regarding the statutory presumption of intent under section 31.06 of the Texas Penal
Code. We will affirm the conviction.


BACKGROUND


 On June 30, 1995, Lisa Conger, an employee of Skydive San Marcos,
Inc.("Skydive"), accepted a check for $505 from appellant as payment for the purchase of three
Tandem I and one Tandem II skydives and a check for $10.65 from appellant as payment for the
purchase of a log book. The owner of Skydive, Steven Van Buren, testified that he attempted to
deposit the checks on two occasions; both times the checks were returned by the bank bearing a
stamp which stated, "UNCOLLECTED FUNDS." Van Buren made numerous attempts to contact
appellant by telephone. Although he spoke with both appellant and appellant's roommate several
times, he never received payment. On April 15, 1996, Van Buren sent a certified letter to
appellant at the address that appeared on the returned checks requesting that appellant submit a
certified check within ten days of his receipt of the letter or force Van Buren to take legal action. 
When the letter was returned without a response from appellant, Van Buren filed a complaint with
the district attorney's office in Caldwell County.

 Patricia Sudderth, the branch manager at Wells Fargo Bank, testified that at the
time appellant wrote the two checks to Skydive, his account balance was negative $2,882.08. She
confirmed that a deposit of $5,000 was made three days before appellant wrote the two checks,
but stated that bank records indicated that the deposit was returned as insufficient. She further
testified that the bank stamps "UNCOLLECTED FUNDS" on a returned check when the bank
is holding the funds in the account.

 Appellant also testified at trial. He stated that he tried to make arrangements to pay
Van Buren in cash, but was unable to find a mutually convenient time to meet. He also testified
that he never intended to steal from Van Buren, and had every intention of reimbursing him no
matter the outcome of the case.


DISCUSSION


 In his sole point of error, appellant contends that the evidence was "insufficient to
allow the Court to instruct the jury so as to allow a presumption of theft by check." Although
stated in terms of a challenge to the trial court's charge to the jury, appellant's complaint on appeal
really amounts to a challenge to the sufficiency of the evidence to prove the elements of
presumption of intent under section 31.06 of the Texas Penal Code. The evidence is sufficient if,
viewed in the light most favorable to the prosecution, a rational trier of fact could have found the
evidence sufficient to prove the essential elements of presumption of intent beyond a reasonable
doubt. See Geesa v. State, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991) (citing Jackson v.
Virginia, 443 U.S. 307, 318 (1979)).

 Section 31.06, entitled "Presumption for Theft by Check," provides a statutory
presumption of intent to deprive the owner of property under section 31.03 if the actor obtained
property by passing a check when the issuer did not have sufficient funds in the bank. (1) The presumption requires predicate evidence of insufficient funds on deposit as of the date of the
issuance or passage of the check and failure on the part of the issuer to pay the holder in full
within ten days after receiving notice of the bank's refusal to pay. We conclude that sufficient
facts were proven to warrant the instruction of presumption of intent. The evidence presented at
trial included the testimony of State witnesses regarding the lack of sufficient funds in appellant's
bank account to cover the two checks he wrote to Skydive on June 30, 1995, and Skydive's
numerous attempts to collect payment from appellant without avail. Testimony that items had been
deposited in appellant's account but not cleared does not make the evidence less evident. Viewed
in the light most favorable to the prosecution, a rational trier of fact could have found the evidence
sufficient to prove a presumption of intent by appellant to steal services from Skydive. Therefore,
because the evidence supports the presumption of intent, it also supports the trial court's
instruction. We hold the trial court properly instructed the jury on the presumption of intent under
section 36.01. Appellant's sole point of error is overruled.


CONCLUSION


 The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 17, 1999

Do Not Publish

1. Section 31.06 provides:


(a) If the actor obtained property or secured performance of service by issuing or
passing a check or similar sight order for the payment of money, when the issuer
did not have sufficient funds in or on deposit with the bank or other drawee for
the payment in full of the check or order as well as all other checks or orders
then outstanding, it is prima facie evidence of his intent to deprive the owner of
property under Section 31.03 (Theft) including a drawee or third-party holder
in due course who negotiated the check or to avoid payment for service under
Section 31.04 (Theft of Service) (except in the case of a postdated check or
order) if:


 (1) he had no account with the bank or other drawee at the time he issued the
check or order; or


 (2) payment was refused by the bank or other drawee for lack of funds or
insufficient funds, on presentation within 30 days after issue, and the issuer
failed to pay the holder in full within 10 days after receiving notice of that
refusal.


(b) For purposes of Subsection (a)(2) or (f)(3), notice may be actual notice or notice
in writing that:


 (1) is sent by registered or certified mail with return receipt requested or by
telegram with report of delivery requested;


 (2) is addressed to the issuer at his address shown on:


 (A) the check or order;


 (B) the records of the bank or other drawee; or


 (C) the records of the person to whom the check or order has been issued
or passed; and


 (3) contains the following statement:


 "This is a demand for payment in full for a check or order not paid because of
a lack of funds or insufficient funds. If you fail to make payment in full within 10
days after the date of receipt of this notice, the failure to pay creates a presumption
for committing an offense, and this matter may be referred for criminal prosecution."


(c) If written notice is given in accordance with Subsection (b), it is presumed that
the notice was received no later than five days after it was sent.


(d) Nothing in this section prevents the prosecution from establishing the requisite
intent by direct evidence.


(e) Partial restitution does not preclude the presumption of the requisite intent under
this section.


(f) If the actor obtained property by issuing or passing a check or similar sight
order for the payment of money, the actor's intent to deprive the owner of the
property under Section 31.03 (Theft) is presumed, except in the case of a
postdated check or order, if:


 (1) the actor ordered the bank or other drawee to stop payment on the check or
order;


 (2) the bank or drawee refused payment to the holder on presentation of the
check or order within 30 days after issue;


 (3) the owner gave the actor notice of the refusal of payment and made a
demand to the actor for payment or return of the property; and


 (4) the actor failed to:


 (A) pay the holder within 10 days after receiving the demand for payment; 
or


 (B) return the property to the owner within 10 days after receiving the
demand for return of the property.


Tex. Penal Code Ann. § 31.06 (West 1994 & Supp. 1999).


es Regular">(a) If the actor obtained property or secured performance of service by issuing or
passing a check or similar sight order for the payment of money, when the issuer
did not have sufficient funds in or on deposit with the bank or other drawee for
the payment in full of the check or order as well as all other checks or orders
then outstanding, it is prima facie evidence of his intent to deprive the owner of
property under Section 31.03 (Theft) including a drawee or third-party holder
in due course who negotiated the check or to avoid payment for service under
Section 31.04 (Theft of Service) (except in the case of a postdated check or
order) if:


 (1) he had no account with the bank or other drawee at the time he issued the
check or order; or


 (2) payment was refused by the bank or other drawee for lack of funds or
insufficient funds, on presentation within 30 days after issue, and the issuer
failed to pay the holder in full within 10 days after receiving notice of that
refusal.


(b) For purposes of Subsection (a)(2) or (f)(3), notice may be actual notice or notice
in writing that:


 (1) is sent by registered or certified mail with return receipt requested or by
telegram with report of delivery requested;


 (2) is addressed to the issuer at his address shown on:


 (A) the check or order;


 (B) the records of the bank or other drawee; or


 (C) the records of the person to whom the check or order has been issued
or passed; and


 (3) contains the following statement:


 "This is a demand for payment in full for a check or order not paid because of
a lack of funds or insufficient funds. If you fail to make payment in full within